UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Beth Ritacco,** : | |
|     **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO.** |
| : | **3:09-cv-792 (VLB)** |
| **Whole Life, Inc.,** : | |
|     **Defendant.** : | **January 13, 2010** |

### MEMORANDUM OF DECISION GRANTING THE PLAINTIFF'S MOTION TO REMAND [Doc. #11]

Before the Court is a Motion to Remand [Doc# 11] filed by the Plaintiff, Beth Ritacco (hereinafter referred to as "Ritacco") pursuant to 28 U.S.C. § 1447. The Plaintiff brought the instant suit in a Connecticut state court claiming a violation of § 31-51m of the Connecticut General Statutes and wrongful discharge pursuant to Connecticut common law. The Defendant, Whole Life, Inc. ("Whole Life"), removed the action to this Court pursuant to 28 U.S.C. § 1446, citing § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), (LMRA) and arguing that it preempts the state law claims the Plaintiff asserts. The Plaintiff then filed the instant motion citing 28 U.S.C. § 1447(c), noting that this Court lacks subject matter jurisdiction. For the reasons stated hereafter, the Plaintiff's Motion to Remand [Doc. #11] is granted.

### Facts

The following reflects the facts as they have been alleged in Ritacco's Complaint [Doc. #1]. Whole Life owns and operates nursing homes for disabled

residents, and employed Ritacco as a program aide for one of its group homes between January 2007 and February 2009.  During the course of her employment, Ritacco was a member of a collective bargaining unit that entered into a collective bargaining agreement ("CBA") with Whole Life.  Article 19 of that CBA states "[t]he employer shall have the right to discharge, suspend, or discipline any Employee for just cause." [Doc. #15, Exhibit 1].

During one afternoon in August 2008 Ritacco arrived at work and encountered a resident that was visibly ill.  Ritacco learned that the patient had been in a distressed condition the entire day without attention and transported the resident to an area hospital with the assistance of a fellow employee.  At the hospital, the attending physician determined that the patient had a post-surgical infection and should have been brought to the hospital earlier.  Ritacco reported the patient's neglect by calling a "Patient Abuse" hot line and a representative of Patient Abuse visited the Defendant's facility to investigate the complaint.  Ritacco alleges that it was generally known in the facility that she reported the incident of patient abuse.

Ritacco claims that after reporting the alleged abuse, her superior, Pat Girard ("Girard"), harassed her, threatened her with termination, and refused to let her reduce her hours for health reasons despite similar accommodations for other employees.  Girard terminated the Plaintiff on February 5, 2009.  She also claims that Girard was in charge of the sick resident prior to Ritacco's arrival.

**Standard**

Federal statute instructs that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  In turn, a federal court has subject matter jurisdiction over an action involving a labor agreement, such as a CBA, if § 301 of the LMRA is deemed to preempt the pending state law claim.  § 301 of the LMRA states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . or between any such labor unions, may be brought in any district court of the United States having jurisdiction of the parties without respect to the amount of controversy or the citizenship of the parties.

29 U.S.C. § 185(a).  The Supreme Court noted that "when resolution of a state law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim or dismissed as preempted by federal labor contract law." <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 220 (1985) (internal citations omitted).  Nevertheless, "[a]s long as the state-law claim can be resolved without interpreting the [CBA] itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." <u>Lingle v. Norge Div. of Magic Chef, Inc.</u> 486 U.S. 399, 409-410 (1988).  Lastly, a removing defendant "bears the burden of demonstrating the propriety of removal."  <u>Cal. Pub. Employees' Ret. System v. Worldcom, Inc.</u>, 368 F.3d 86, 100 (2d Cir. 2004).

### Analysis of the Plaintiff's Motion to Remand

In <u>Lingle</u>, the Supreme Court determined that an employee's retaliatory discharge claim did not require interpretation of a CBA that prohibited discharge except for "proper" or "just cause." 486 U.S. at 401. In that case, the state law claim required the plaintiff to show that: "(1) he was discharged or threatened with discharge and (2) the employer's motive in discharging or threatening to discharge him was to deter him from exercising his rights . . . or to interfere with his exercise of those rights." <u>Id.</u> at 407 (internal citations and quotations omitted). According to the Supreme Court:

> Each of these purely factual questions pertains to the conduct of the employee and the conduct and motivation of the employer. Neither of the elements requires a court to interpret any term of a collective-bargaining agreement. To defend against a retaliatory discharge claim, an employer must show that it had a nonretaliatory reason for the discharge; this purely factual inquiry likewise does not turn on the meaning of any provision of a collective-bargaining agreement. . . [R]esolution of the state-law claim does not require construing the collective-bargaining agreement.

<u>Id.</u> (internal citations omitted). The Supreme Court also noted the fact that a state-law analysis might involve the "same factual considerations as the contractual determination of whether Lingle was fired for just cause" did not necessarily render the state-law analysis dependent upon the interpretation of the CBA. <u>Id.</u> at 408. A state law claim is only preempted by § 301 of the LMRA if resolving the state law claim requires interpretation of a CBA. <u>Id.</u> at 412. The Court observed that "[i]n the typical case a state tribunal could resolve either a discriminatory or retaliatory discharge claim without interpreting the 'just cause'

4

language of a collective-bargaining agreement." Id. at 413.

Notably, as a precursor to the decision in Lingle, the Second Circuit determined that a plaintiff's claim of wrongful discharge was not preempted by § 301 of the LMRA because it did not require interpretation of a CBA. Baldracchi v. Pratt & Whitney Aircraft Division, United Technologies Corp., 814 F.2d 102 (2d Cir. 1987). The Circuit Court noted:

> At trial, [the plaintiff] would have to present a prima facie case that she was in fact fired for filing a worker's compensation claim. In its defense, [the defendant] would have to demonstrate that [the plaintiff] was fired for another, non-pretextual reason . . . [the defendant] would not have to establish that the grounds for [the plaintiff's] termination amounted to "just cause" under the collective bargaining agreement.

Id. at 105. As a result, the court's analysis would not require an interpretation of the CBA's "just cause" requirement. The court identified that Connecticut's statutory protection from a retaliatory firing was "absolute" and that it "[could not] be waived." Id. at 105. (citing Alis-Chambers 471 U.S. at 212 which notes that § 301 "does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law.") Thus even if a CBA includes a provision that authorizes a defendant to discharge an employee for a particular action, that provision does not affect a plaintiff's retaliatory discharge claim under Connecticut statute. Id. Therefore, "[i]t is difficult to see how determination of that claim can be said to depend on the collective bargaining agreement." Id. As stated in a post-Lingle Second Circuit decision, "elements of an action for retaliatory discharge - which primarily depend on a determination of

the employer's motive for firing an employee - do not require an interpretation of the CBA." Shafii v. British Airways, PLC, 83 F.3d 566, 570, (2d Cir. 1996)[1].

The Court notes for comparison Int'l Bhd. of Elec. Workers, AFL-CIO, v. Hechler, 481 U.S. 851, (1987), where a plaintiff claimed that his union breached its duty of care by failing to provide a safe workplace.  The Supreme Court held that the state law claim required interpretation of a CBA because "it is the employer, not a labor union, that owes employees a duty to exercise reasonable care in providing a safe workplace." Id. at 859.  Thus, to resolve the claim, a court would have to determine if "the collective bargaining agreement in fact placed an implied duty of care on the Union to ensure that [the employee] was provided a safe workplace, and, second, the nature and scope of that duty." Id. at 862. Therefore, § 301 of the LMRA preempted the state law claim. Id.

In the instant matter, the Plaintiff's first claim is made pursuant to Conn. Gen. Stat. § 31-51m, which states:

> No employer shall discharge, discipline or otherwise penalize any employee because the employee, or a person acting on behalf of the employee, reports, verbally or in writing, a violation or a suspected violation of any state or federal law or regulation or any municipal ordinance or regulation to a public body, or because an employee is requested by a public body to participate in an investigation, hearing or inquiry held by that public body, or a court action.

---

[1] Although this case involved preemption under the Railway Labor Act, 45 U.S.C. § 151-188 (RLA), the court applied the same standard that applies to the LMRA in keeping with the Supreme Court's express adoption of the Lingle standard for RLA preemption arguments in  Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 263 (1994).

Conn. Gen. Stat. § 31-51m(b). Resolution of this claim involves an analysis of the facts and circumstances surrounding Ritacco's complaint and termination. Although the CBA in the instant action states that an employee may only be fired for "just cause," Whole Life need not show that it terminated Ritacco for "just cause" within the meaning of the CBA. See Baldracchi, 814 F.2d at 105. Instead, to defend against Ritacco's claim, Whole Life only needs to demonstrate that it did not fire Ritacco for reporting a (suspected) violation of law, regulation, or ordinance. Shafii, 83 F.3d at 570. As noted in Lingle, a showing of a nonretaliatory reason for discharge is a purely factual inquiry that is not dependent upon the meaning of a CBA's provisions. 486 U.S. at 407.

Ritacco's second claim, made pursuant to Connecticut common law, is for wrongful discharge in violation of public policy. Ritacco contends that Whole Life terminated her employment for protecting and addressing the safety concerns of a disabled individual in violation of Connecticut's public policy. [Doc. #1]. Accordingly, this claim does not require a Court to examine the terms of the parties' CBA. Instead, "the plaintiff asks only that the employer be responsible in damages if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Sheets v. Teddy's Frosted Foods, Inc., 427 A.2d 385, 386-387 (Conn. 1980).

In opposition, Whole Life argues that the "Plaintiff's claim is not legally cognizable absent an inference that it is one that requires the interpretation of the

CBA" because a whistle-blowing claim is preempted by § 31-51m and a claim for wrongful discharge in violation of public policy only applies to "at-will" employment. [Doc. #15]. While Ritacco's claim is potentially defective due to an existing state law remedy and the fact that the Plaintiff is not an "at will" employee, these issues are for the state court to determine. See Burnham v. Carl and Gelb, P.C., 717 A.2d 811, 816 (Conn. App. Ct. 1998) (noting that a wrongful discharge claim was not available due to an existing private cause of action under the Occupational Safety and Health Act); See D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 520 A.2d 217, 219 Conn. 206 (Conn. 1987) (identifying that a claim for wrongful discharge in violation of public policy only extended to workers who could be discharged at will).

As alleged, the Plaintiff's claims do not require an interpretation of the CBA and as a result, the removing Defendant has failed to meet its burden. Cal. Pub. Employees' Ret. System v. Worldcom, Inc., 368 F.3d 86, 100 (2d Cir. 2004).

Conclusion

The Defendant's motion to remand [Doc. #11] is GRANTED. The Clerk of the Court is directed to close this case.

                          IT IS SO ORDERED.

                          _____/s/_____

                          Hon. Vanessa L. Bryant

                          United States District Judge

Dated at Hartford, Connecticut: January 13, 2010.