UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Beth Ritacco, | : | |
|     Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:09-cv-792 (VLB) |
| Whole Life, Inc., | : | |
|     Defendant. | : | July 29, 2010 |

## MEMORANDUM OF DECISION GRANTING THE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES [DOC. #19]

Before the Court is a Motion for Attorney's Fees [Doc. #19] filed by the Plaintiff, Beth Ritacco (hereinafter referred to as "Ritacco"). Due to the Court's granting of the Plaintiff's Motion to Remand [Doc. #18], the Plaintiff has now filed the instant motion citing 28 U.S.C. 1447(c), which allows a district court to award costs and expenses, including attorney's fees, when a case is remanded to state court. The Defendant, Whole Life, Inc. ("Whole Life"), opposes the motion, claiming "a good faith and objectively reasonable basis for seeking removal, both in fact and law." [Doc. #21]. For the reasons stated hereafter, the Court grants the Plaintiff's Motion for Attorney's Fees [Doc. #19].

### Background

The Plaintiff brought the instant suit in a Connecticut state court on April 16, 2009 claiming a violation of §31-51m of the Connecticut General Statutes and wrongful discharge pursuant to Connecticut common law, due to allegations that she was terminated in retaliation for reporting patient abuse while an employee of Whole Life. [Doc. #1]. The Defendant removed the action to this Court on May 14, 2009 ostensibly pursuant to 28 U.S.C. § 1446, citing § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), (LMRA), and arguing that

the LMRA preempted the Plaintiff's state law claims. [Doc #1]. The Plaintiff in turn filed a motion to remand pursuant to 28 U.S.C. § 1447(c) noting that the Court lacked subject matter jurisdiction over the claims. [Doc. #11]. After the Court granted the Plaintiff's Motion to Remand [Doc. #18], the Plaintiff filed the instant motion, arguing for attorney's fees under 28 U.S.C. § 1447(c). [Doc. #19].

Standard

Federal statute instructs that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Second Circuit has historically granted discretion to the district court in determining whether an award of attorney's fees is appropriate, requiring consideration of "overall fairness given the nature of the case, the circumstances of remand, and the effect on the parties." Morgan Guar. Trust Co. of New York v. Republic of Palau, 971 F.2d 917, 924 (2d Cir. 1992) (internal citations and quotations omitted). However, the Supreme Court has since instructed that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Martin emphasizes that the purpose behind this standard is to "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove

as a general matter, when the statutory criteria are satisfied." Id. at 140.

While the Second Circuit has not yet directly interpreted the Martin standard, other circuits have looked to the existence and clarity of prior case law in determining whether there was an objectively reasonable basis for removal. See Lott v. Pfizer, Inc., 492 F.3d 789 (7th Cir. 2005); Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1066 (9th Cir. 2008) (following Lott). District courts within the Second Circuit have looked to the complexity of the area of law surrounding the basis for the defendants' removal and whether the application of state law was apparent on the face of the complaint. See, e.g., Conn. Hous. Fin. Auth. v. Enos Farms Ltd. P'ship, 2007 U.S. Dist. LEXIS 41377 at *7 (D. Conn. 2007) (looking to whether the complaint clearly implicated only state law as well as to the existence of prior case law in determining that defendant had no objectively reasonable basis for removal); Jing Sung v. Wasserstein, 415 F. Supp. 2d 393, 408-9 (S.D.N.Y. 2006) (ruling that due to the complexity of law in that area, the defendant did not act unreasonably in removing). Courts have also looked to additional circumstances such as a party's delay, in determining whether to deny fees even if the defendant lacked an objectively reasonably basis for removal. See, e.g., Engel v. 34 E. Putnam Ave. Corp. 522 F. Supp. 2d 291, 297 (D. Conn. 2008) (stating that even without an objectively reasonable basis for removal the court would not award attorney's fees due to the plaintiff's delay in seeking remand).

Discussion

Ritacco contends that she is entitled to attorney's fees because case law clearly indicated that the instant suit belonged in state court. [Doc. #20]. Ritacco, citing <u>Lingle v. Norge Div. of Magic Chef, Inc.</u>, 486 U.S. 399 (1988) and <u>Baldracchi v. Pratt & Whitney Aircraft Div., United Tech. Corp.</u>, 814 F.2d 102, 105 (2nd Cir. 1987), notes that both the Supreme Court and the Second Circuit ruled that claims involving retaliatory discharges are not preempted by § 301 of the LMRA. [Doc. #20]. Whole Life, however, argues that although <u>Lingle</u> remains good law, other cases have distinguished or declined to extend it, and have acknowledged that interpretation of the LMRA is challenging. See <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 210 (1985)(noting that "[i]f the policies that animate § 301 are to be given their proper range . . . the pre-emptive effect of § 301 must extend beyond suits alleging contract violations."); <u>Wilds v. United Parcel Service</u>, 262 F. Supp. 2d 163, 184, (S.D.N.Y. 2003), (denying a plaintiff's request for attorney's fees and noting that "[t]he Second Circuit has conceded that 'the principles for deciding when a state-law claim is preempted by LMRA are more easily expressed than applied.'") As noted by Ritacco however, none of the cases cited by Whole Life involve retaliatory discharge claims, and that Whole Life, by seeking removal, ignored clear precedent addressing whether retaliatory discharge claims are preempted due to the existence of a collective bargaining agreement. [Doc #22].

Whole Life also contends that because Ritacco initially filed a grievance and initiated arbitration under the collective bargaining agreement (CBA), both

parties "initially saw this matter as an interpretation of the CBA, which would fall under the LMRA preemption" and therefore it was not objectively unreasonable to believe that the claims would require interpretation of the CBA, despite the fact that the grievance was withdrawn two months after it was initiated. [Doc #21]. Ritacco correctly notes that exercising contractual grievance rights does not preclude separate statutory and common law tort claims, and that to follow the Defendant's reasoning would deter parties to a collective bargaining agreement from pursuing their contractual grievance rights. [Doc. #22].

Accordingly, the Court finds that the Defendant lacked an objectively reasonable basis for removal. The prior case law is on point and clearly establishes that claims involving retaliatory discharges are not preempted by § 301. See Lingle, 486 U.S. at 407; Baldracchi, 814 F.2d at 105. The cases cited by the Defendant are distinguishable, and indeed Baldracchi distinguishes a retaliatory discharge claim from the claim in Allis-Chalmers, noting that the claim in Allis-Chalmers was "not only derive[d] from contract, but [was] defined by a contractual obligation of good faith" and thus implicated the CBA, while a retaliatory discharge claim did not. 814 F.2d at 105. Although some courts have acknowledged that a determination of which claims are preempted by the LMRA may be difficult, see, e.g., Wilds, 262 F.Supp. at 184, the existence and clarity of prior case law ruling that retaliatory firing claims do not require interpretation of the CBA, made clear that this case belonged in state court.

Further, the Defendant's argument that the Court should find an objectively

5

reasonable basis for removal based on the Plaintiff's initiation of arbitration is given no weight. Having grievance rights under contract does not necessarily mean that the complaint itself implicates the contract, and to rule otherwise would deter parties from pursuing their contractual rights prior to seeking litigation. Moreover, the brevity of the grievance proceeding and lack of specificity as to how the agreement is implicated concerning the grievance proceeding prevents the Court from drawing the inference, based upon the Plaintiff's filing of a grievance proceeding, that the Plaintiff assumed that her claims were preempted. As such, the Court finds that the Defendant lacked an objectively reasonable basis for removing the case to this Court. Lastly, although the Court does retain discretion to deny attorney's fees if it believes unusual circumstance warrant denial, no such unusual circumstances are present in this case. <u>Martin</u>, 546 U.S. at 141. The Plaintiff moved to remand in a timely fashion and no allegations of unusual circumstances have been made by the Defendant.

Therefore, following the standard set forth in <u>Martin</u>, the Court finds that the Defendant lacked an objectively reasonable basis for removal and hereby grants the Plaintiff's motion for attorney's fees [Doc. #19].

**IT IS SO ORDERED**

**_____/s/_____**

**Hon. Vanessa L. Bryant**
**United States District Judge**

Dated at Hartford, Connecticut: July 29, 2010.

